## HENRY DEVONSHIRE v. DeWITT C. PETERS.

*Impeachment—Admission of evidence—Discretion of court.*

Where in an action for malicious prosecution in causing the arrest of the plaintiff for taking possession, without process, of chattel-mortgaged property, the return of which had been adjudged to him in a replevin suit brought by the defendant for his wife, who owned the mortgage, the plaintiff is asked on cross-examination if he did not state to a certain person that he owed the defendant a specified sum on the mortgage, and denies making the statement, and the person referred to testifies in behalf of the defendant that plaintiff made such statement, after which the plaintiff on rebuttal again denies making it, and details fully the conversation which he claims occurred, the admission on surrebuttal of testimony offered by the defendant attacking the reputation of the plaintiff for truth and veracity is within the sound discretion of the court, which cannot be said to be abused by the rejection of the testimony.

Error to Eaton. (Smith, J.) Argued January 24, 1895. Decided April 2, 1895.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*John M. Corbin* (*M. V. Montgomery*, of counsel), for appellant.

*Walter S. Powers* and *Powers & Stine*, for plaintiff.

GRANT, J. Plaintiff's declaration contains counts for false imprisonment and malicious prosecution. He recovered verdict and judgment for $125. He had executed a chattel mortgage to one Elmer Sheldon, who assigned the same to defendant's wife. Defendant, acting for his wife, and claiming that the mortgage was not paid, replevied the property, and took the same from Eaton county, where plaintiff resided, into Jackson county, where

the defendant resided. The defendant was defeated in that action, and plaintiff took judgment for the return of the property. He then went to Jackson county, where the property was, and took it away. The defendant made complaint, and caused plaintiff's arrest on a warrant for larceny. He was imprisoned for several days, and was discharged upon examination. Upon the trial of this cause, plaintiff proved his arrest, imprisonment, and discharge, and gave evidence tending to show malice on the part of the defendant, and a want of probable cause. On his cross-examination he was asked if he did not admit to one Scott Rorabeck that he owed defendant $52, and he denied having said so. He was cross-examined fully as to this conversation. He then rested his case. Defendant admitted the arrest, and gave evidence tending to show that he had probable cause, and was not actuated by malice, and that he seized the property on behalf of his wife, as mortgagee. Mr. Rorabeck was called by the defendant, and testified that "plaintiff told him there was $52 due defendant on the chattel mortgage." Defendant then rested. On rebuttal plaintiff again denied the conversation with Mr. Rorabeck, and detailed fully the conversation with him. Plaintiff thereupon again rested. Defendant then sought to impeach the plaintiff by introducing evidence that the plaintiff's reputation in his neighborhood for truth and veracity was bad. This was ruled out by the court, and presents the sole question in the case.

Defendant insists that he was entitled to this evidence as a matter of right. Plaintiff insists that it was within the discretion of the court, at that stage of the case. When the testimony was offered, plaintiff's counsel stated to the court that plaintiff's witnesses had been discharged, and had returned to their homes, 30 miles distant. Defendant insists the rule to be that, where the plaintiff in

rebuttal has testified to any material fact not covered by his testimony in chief, the legal right to impeach in this manner exists. If we concede this to be the rule, we do not think that the defendant brought himself within it. The material fact in this testimony was whether plaintiff said that he owed defendant $52 at the time he replevied the property. This the plaintiff had expressly denied in his testimony in chief. The circumstances surrounding this conversation to which plaintiff testified upon rebuttal were not very material. We think the admission of the testimony was within the sound discretion of the court, and that this discretion was not abused.

Judgment affirmed.

LONG and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision. McGRATH, C. J., did not sit.